Wilfred **KEYES** et al., Plaintiffs,

v.

**SCHOOL DISTRICT NO. 1, DENVER, COLORADO, et al., Defendants.**

**Civ. A. No. C–1499.**

United States District Court, D. Colorado.

Dec. 11, 1973.

Holland & Hart, by Gordon G. Greiner and Robert T. Connery, Denver, Colo., and James M. Nabrit, III, New York City, for plaintiffs.

Wood, Ris & Hames, by William K. Ris, and Henry, Cockrell, Quinn & Creighton, by Thomas E. Creighton, Benjamin L. Craig and Michael H. Jackson, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, Circuit Judge.

This case was previously tried in 1969–70. There has been a succession of hearings and finally a trial. The various opinions show the course of the proceedings. These appear in 303 F.Supp. 279 (D.C.Colo.1969) (the preliminary injunction); 303 F.Supp. 289 (D.C.Colo. 1969) (supplemental findings in the preliminary injunction matter); 313 F. Supp. 61 (D.C.Colo.1970) (judgment entered for plaintiffs on the first claim and in favor of defendants on all but one count of the second claim; this was trial on the merits); 313 F.Supp. 90 (D.C.Colo.1970) (opinion issued on the remedy on May 21, 1970). Final judgment was entered immediately following the issuance of the last opinion. Implementation orders were subsequently entered, the final one having been entered in May 1971. The Court of Appeals affirmed in part, reversed in part and remanded, 445 F.2d 990 (10th Cir. 1971). Subsequently, the Supreme Court of the United States remanded the case to this court for further proceedings, 413 U.S. 189, 93 S.Ct. 2686, 37 L.Ed.2d 548; a hearing has now been held in accordance with the Supreme Court's mandate.

The essential and significant holding of the Supreme Court defined anew *de jure* segregation, ruling that the finding of intentionally segregative School Board action in the Park Hill section of Denver created a prima facie case of segregative purpose or design on the part of the Board of Education and shifted the burden of proof to the School Board to prove that other segregated schools within the system did *not* become so as a result of intentional action having for its purpose the creation of conditions of segregation. The primarily embattled part of the case at each level was the conduct of the School Board in the Park Hill area and the immediately adjacent sectors. The Supreme Court reexamined the facts and approved the conclusion that conduct here during the 1960's constituted *de jure* segregation.[1]

The Supreme Court regarded as error the requiring of plaintiffs in a school case such as the one at bar to offer proof that the segregation in each and every instance and in each and every school was the product of official action. Proof of *de jure* segregation in one area "creates a presumption that other segregated schooling within the system is not adventitious. It establishes, in other words, a prima facie case of unlawful segregative design on the part of school authorities * * *," and continuing the Court further said:

> [A]nd shifts to those authorities the burden of proving that other segregated schools within the system are not also the result of intentionally segregative actions. This is true even if it is determined that different areas of the school district should be viewed independently of each other because, even in that situation, there is high probability that where school authorities have effectuated an intentionally segregative policy in a meaningful portion of the school system, similar impermissible considerations have motivated their actions in other areas of the system. We emphasize that the differentiating factor between *de jure* segregation and so-called *de facto* segregation to which we referred in *Swann* is *purpose* or *intent* to segregate.

413 U.S. at 207, 93 S.Ct. at 2697.

---

1. The holding of this court had been that the remainder of the segregated schools became so as a result of neighborhood patterns rather than state action, that is to say, state law. This was disapproved by the Supreme Court and a new standard was pronounced governing the *de facto-de jure* concepts.

In its mandate the Supreme Court directed the following:

> In summary, the District Court on remand, *first,* will afford respondent School Board the opportunity to prove its contention that the Park Hill area is a separate, identifiable and unrelated section of the school district that should be treated as isolated from the rest of the district. If respondent School Board fails to prove that contention, the District Court, *second,* will determine whether respondent School Board's conduct over almost a decade after 1960 in carrying out a policy of deliberate racial segregation in the Park Hill schools constitutes the entire school system a dual school system. If the District Court determines that the Denver school system is a dual school system, respondent School Board has the affirmative duty to desegregate the entire system "root and branch." Green v. County School Board, *supra,* 391 U.S. 430 at 438, 88 S.Ct. 1689 at 1694, 20 L.Ed.2d 716.

413 U.S. at 213, 93 S.Ct. at 2700.

The Supreme Court then went on to say that if it was determined by a consideration of issues one and two just mentioned that the school system was not a dual school system, this court should afford the School Board an opportunity to rebut petitioner's prima facie case of intentional segregation in the core city schools raised by the finding of intentional segregation in the Park Hill schools. The Court said that the Board would have the burden of proving that its policies with respect to school site location, school size, school renovation and additions, school attendance zones, standard assignment and transfer objections, mobile classroom units, transportation of students, assignment of faculty and staff, considered together and premised on the Board's so-called neighborhood school concept, either were not for the purpose of creating or maintaining segregation or, in the alternative, were not factors in causing segregation in the segregated schools.

We have heard evidence bearing on issues one and two quoted above.[2] In view of the conclusion which we reach it is unnecessary to consider issue three, for hearing on this issue is prescribed by the Supreme Court if and only if it is determined from a resolution of issues one and two that the system is *not* a dual system.

Some preliminary observations and appraisals will clarify our conclusions. First, we consider the question whether Park Hill is a separate, identifiable and unrelated section of the school district which is to be treated as isolated from the rest of the district. The School Board has not succeeded in establishing that it is separate. Indeed, it admits that there is no geographic separation of Park Hill from the remainder of the Denver school district. Since this has been conceded there is no necessity for discussing it further.

Next, we consider whether the School Board's conduct during the decade from 1960 to 1969 in carrying out a policy of deliberate racial segregation in the Park Hill schools constituted the entire school system a dual system. In addition to their evidence of geographic contiguousness, plaintiffs offered expert testimony to establish that the Park Hill area was not isolated from the district in any non-geographic sense. This evidence established that the Park Hill schools received the identical administrative services provided to the other schools, and, in addition, that there are no different faculty services, curricular and structural services, building services or financial services provided in Park Hill. In short, it was conclusively shown that there were no non-geographic, grounds having even a tendency to show that the Park Hill schools were independent, separate or isolated.

Similarly, plaintiffs' evidence established that the Park Hill area is not treated differently from the surrounding

---

2. The parties recognized that a hearing on issue three would be unnecessary if a dual school system were found as a result of the hearing on issues one and two.

areas with respect to the provision of fire and police protection, water supplies and sewerage. In terms of social characteristics and spatial relationships, Park Hill was shown to closely resemble the residential areas adjacent to it to the south and west.

Plaintiffs' evidence established that racial segregation in Park Hill has substantial effects on the schools outside the area. This, of course, was settled in earlier decisions in this case, and is additionally supported by the presumption enunciated in Mr. Justice Brennan's opinion for the Supreme Court. The essential interplay between intentional segregation in one area and the condition in other areas was noted. It was recognized that concentration of minority groups in one area will of necessity promote or maintain Anglo concentration in others. On this the Court said:

> In short, common sense dictates the conclusion that racially inspired school board actions have an impact beyond the particular schools that are the subjects of those actions. This is not to say, of course, that there can never be a case in which the geographical structure of or the natural boundaries within a school district may have the effect of dividing the district into separate, identifiable and unrelated units. Such a determination is essentially a question of fact to be resolved by the trial court in the first instance, but such cases must be rare. In the absence of such a determination, proof of state-imposed segregation in a substantial portion of the district will suffice to support a finding by the trial court of the existence of a dual system. Of course, where that finding is made, as in cases involving statutory dual systems, the school authorities have an affirmative duty "to effectuate a transition to a racially nondiscriminatory school system." [Brown v. Bd. of Ed.] *Brown* II, *supra*, 394 U.S. 294, at 301 [sic], 75 S. Ct. 753, at 756, 99 L.Ed. 1083.

413 U.S. at 203, 93 S.Ct. at 2695. The defendants have nevertheless contended that these issues are proper for retrial here. We disagree, but we have received evidence which has been tendered in an effort to refute the above objections.

We have fully considered all of this evidence presented by defendants, both that offered in this hearing and all evidence of record from previous proceedings in this case. Insofar as that evidence was offered to support defendants' contention that the Denver school district is not a dual system, we conclude that it is merely conclusory and is lacking in substance. The intended thrust of that evidence has been that segregated conditions in individual schools outside the Park Hill area are wholly the product of external factors such as demographic trends and housing patterns, and are in no way the product of any acts or omissions by defendants. We are not persuaded by the evidence presented, nor have defendants succeeded in dispelling the presumption that the segregative intent of the School Board was clearly evidenced by its actions in Park Hill permeating the entire district. The affirmative evidence is to the contrary, that defendants' actions in Park Hill are reflective of its attitude toward the school system generally.

■ The Supreme Court's viewpoint based on the record before it is that the Denver school system is a dual system. There can be no doubt as to its view of the case in the absence of new and cogent evidence. The Court has provided a new and realistic approach to the old *de jure-de facto* concept—a concept which has been vague and impossible to apply. Under the Court's definition it cannot be argued that within a unified school district such as that at bar there can exist conscious and knowing segregation in one area and innocent segregation in another. The conclusion is therefore inescapable that the Denver system is a dual system within the Supreme Court's definitions. In accordance with the evidence presented and with the mandate given to us by the Supreme Court, we so conclude.